IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KONDELL WRIGHT, #227567, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:05-CV-630-T |
| ) | |
| WARDEN BILLY MITCHEM, ) | |
| and the ALABAMA ATTORNEY ) | |
| GENERAL, ) | |
| ) | |
| Respondents. ) | |

## ANSWER

Come now Respondents, by and through the Alabama Attorney General, following this Court's order issued July 12, 2005, and answer Wright's instant §2254 petition as follows:

1. Respondents admit Wright was convicted upon his guilty pleas in the Montgomery County, Alabama, Circuit Court on January 8, 2003, of felony murder, conspiracy to commit robbery, and first degree assault and was sentenced on February 13, 2003, to life, twenty years, and twenty years, respectively, in the penitentiary. His incarceration is the lawful result of those convictions and sentences.

2. Respondents aver the instant §2254 petition is barred by the one-year period of limitation of Title 28 U.S.C. §2244(d).

3. Respondents deny that Wright is entitled to any of the relief he has requested.

## PROCEDURAL HISTORY

4. On January 8, 2003, in the Circuit Court of Montgomery County, Alabama, Wright entered guilty pleas to three counts of a six-count capital murder indictment. (Exhibits A, B) He pleaded guilty to felony murder (lesser-included offense of capital murder charged in Count II), conspiracy to commit robbery (Count III), and first degree assault (Count VI). (Exhibits A-3, B-2, B-3, B-6 and C) The remaining three counts of the indictments were nolle prossed. (Exhibit A-3)

On February 13, 2003, Wright was sentenced to life, twenty years, and twenty years, respectively, in the penitentiary. (Exhibit A-4) All three terms of imprisonment were ordered to run concurrently. (Exhibit A-4) Wright did not take a direct appeal of his convictions and sentences. (Exhibit A; Wright's §2254 petition, p. 3) Wright, also, has not filed a post-conviction Rule 32 petition challenging his convictions and sentences. (Exhibit A; Wright's §2254 petition, p 3)

2

On February 3, 2005, Wright filed his instant §2254 petition, alleging that the trial court lacked jurisdiction to accept his guilty pleas and that he was improperly induced to plead guilty as the result of ineffective assistance of counsel. (Wright's §2254 petition, p. 5)  Wright's petition is time-barred under Title 28 U.S.C. §2244(d).  The claims in his petition have never been presented to the state courts, but cannot now be so presented, because they are time-barred under Rule 32.2(c) of the Alabama Rules of Criminal Procedure.  The claims are procedurally defaulted for federal habeas corpus purposes.

## One-Year Period Of Limitation Under 28 U.S.C. §2244(d)

5. Wright's petition is barred by the one-year period of limitation of Title 28 U.S.C. §2244(d).  Wright was sentenced on February 13, 2003, and his time for appealing ended on March 27, 2003, without an appeal being filed, well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat 1212 (1996) codified in pertinent part at 28 U.S.C. §2244(d).  The one-year period of limitation applicable to his case should run from March 27, 2003, allowing for the forty-two days in which notice of appeal could have been filed in the state appellate courts.  (See 28 U.S.C. §2244(d)(1)(A)).  Therefore, Wright's §2254 petition, to be timely, should have

been filed no later than March 28, 2004. It was, in fact, filed no earlier than February 3, 2005, which was more than ten months after the expiration of the one-year period.

Under Title 28 U.S.C. §2244(d)(2), the legislatively-created one-year period of limitation may be tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending…". Wright never filed a Rule 32 petition before or after the expiration of the one-year period of limitation. (Exhibit A) There was no tolling of the applicable period of limitation. His §2254 petition is time-barred.

## PROCEDURAL DEFAULT

6. Wright's issues, now being raised in his §2254 petition, were never presented to the Supreme Court of Alabama or in any of the state courts and cannot now be timely presented under Rule 32.2(c), A.R.Crim.P.. They are procedurally defaulted. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Wright has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his procedural defaults. Schlup v. Delo, 513 U.S. 298, 314 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986).

4

WHEREFORE, THE PREMISES CONSIDERED, Respondents pray for the dismissal of the instant §2254 petition and/or its denial for the reasons stated.

Respectfully submitted,

Troy King – KIN047
*Attorney General*

s/J. Thomas Leverette
J. Thomas Leverette (LEV007)
Assistant Attorney General

5

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>1st</u> day of August, 2005, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system; and I hereby certify that I have mailed by United States Postal Service the document (including exhibits) to the Petitioner: <u>Kondell Wright, #227567, Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama 35749</u>.

                                          s/J. Thomas Leverette
                                          J. Thomas Leverette (LEV007)
                                          Office of the Attorney General
                                          Alabama State House
                                          11 South Union
                                          Montgomery, AL  36130-0152
                                          Telephone: (334) 242-7300
                                          Fax: (334) 242-2848
                                          E-Mail: TLeverette@ago.state.al.us

213326/83290-001