IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KONDELL WRIGHT, #227 567          *

    Petitioner,                   *

    v.                            * CIVIL ACTION NO. 2:05-CV-630-T
                                        (WO)

BILLY MITCHEM, *et al.*,           *

    Respondents.              *
_____

**O R D E R**

On February 3, 2005[1] Petitioner Kondell Wright, an inmate incarcerated at the Limestone Correctional Facility located in Harvest, Alabama, filed this 28 U.S.C. § 2254 petition for habeas corpus relief.  Petitioner challenges his convictions, pursuant to his guilty plea, for felony murder, conspiracy to commit robbery, and first degree assault entered against him by the Circuit Court for Montgomery County, Alabama, on January 8, 2003.  On February 13, 2003 the trial court sentenced Wright to life on the felony murder conviction and twenty years each on the remaining convictions.  The sentences were ordered to run concurrently.  Petitioner did not file a direct appeal of his convictions.  These convictions, therefore, became final by operation of law on March 27, 2003.

_____

[1]The petition was originally filed in the United States District Court for the Northern District of Alabama on February 7, 2005 and subsequently transferred to and received in this court on July 6, 2005. Although the transferring court stamped the petition "filed" on February 7, 2005,  it is clear that the petition was presented to correctional personnel for mailing prior to such date.  A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing, the court construes February 3, 2005 as the date of filing.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  Respondents contend that because Petitioner's convictions became final in March 2003 -- **after** the effective date of the statute of limitations -- Wright must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents maintain that Petitioner failed to file a state post-conviction action challenging his convictions and, thus, there was no statutory tolling of the limitation period.  Accordingly, Wright's conviction became final on March 27, 2003, and as no Rule 32 petition was filed which operated to toll the limitation period,  the latest Wright could have filed a timely habeas petition was March 26, 2004.  (Doc. No. 6.)        Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner entered a guilty plea to felony murder, conspiracy to commit robbery, and first degree assault in the Circuit Court of Montgomery County, Alabama, on January 8, 2003.  The trial court imposed sentence on Wright on February 13, 2003. Petitioner did not file a direct appeal of his convictions or sentence.  Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

his convictions.  By operation of law, Petitioner's convictions became final on March 27, 2003

-- forty-two days after imposition of sentence as this is the date on which his time to seek direct

review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year period

of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.  Although

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this section[,]" Petitioner

failed to file a state post-conviction petition challenging his convictions.  Consequently, the time

allowed Wright for the filing of a federal habeas petition expired on March 26, 2004.

The instant application for federal habeas corpus relief was filed on February 3, 2005.

Under the circumstances of this case as outlined in this order, the one-year period of limitation

contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition.

In light of the foregoing, it is

ORDERED that on or before August 23, 2005 Petitioner shall show cause why his

federal habeas petition should not be denied as it was not filed within the one-year limitation

period established by 28 U.S.C. § 2244(d)(1).

Done this 2nd day of August, 2005.


        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE