IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| KONDELL WRIGHT, #227 567 | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. 2:05-CV-630-T |
| | | (WO) |
| BILLY MITCHEM, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Kondell Wright ("Wright") on February 3, 2005. Wright challenges his convictions, pursuant to his guilty plea, for felony murder, conspiracy to commit robbery, and first degree assault entered against him by the Circuit Court for Montgomery County, Alabama, on January 8, 2003. On February 13, 2003 the trial court sentenced Wright to concurrent terms of life on the felony murder conviction and twenty years each on the remaining convictions. Wright did not file a direct appeal of his convictions. His convictions, therefore, became final by operation of law on March 27, 2003. (Doc. No. 6, Exhs. 1, 3.)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because

Wright's convictions became final in March 2003 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents state that Wright failed to file a state post-conviction action challenging his convictions and, thus, there was no statutory tolling of the limitation period. Accordingly, Wright's convictions became final on March 27, 2003, and the latest he could have filed a timely habeas petition was March 26, 2004. (Doc. No. 6.)

Based on Respondents' argument, the court entered an order on August 2, 2005 advising Wright that he failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( Doc. No. 7.) The order gave Wright an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Wright has filed nothing in response to the court's August 2 order.

Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Wright's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[1] Here, Wright

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of

2

entered a guilty plea to felony murder, conspiracy to commit robbery, and first degree assault in the Circuit Court for Montgomery County, Alabama, on January 8, 2003. The trial court imposed sentence on Wright on February 13, 2003. He did not file a direct appeal of his convictions or sentence. Since Wright failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Wright's convictions became final on March 27, 2003 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained

---

a State court. The limitation period shall run from the latest of-

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

in section 2244(d)(1)(A), therefore, began to run on this date. Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Wright did not file a state post-conviction petition challenging his convictions. Consequently, the time allowed Wright for the filing of a federal habeas petition expired on March 26, 2004. He filed the instant federal habeas application on February 3, 2005.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

In the instant case, the court finds that Wright neither alleges facts to suggest that he ever attempted to file his federal habeas petition within the limitation period, much less that

4

he diligently pursued relief. Consequently, the undersigned finds no basis upon which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 8, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

5

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of October, 2005.

                                        /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE